**Jian HU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75590.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 16, 2006.

David Z. Su, Esq., Law Offices of David Z. Su, El Monte, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

Michael S. Lahr, Esq., USHE–Office of the U.S. Attorney, Helena, MT, for Respondent.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM **

Jian Hu, a native and citizen of China, petitions for review of a final order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") decision pretermitting his application for asylum, and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Quan v. Gonzales,* 428 F.3d 883, 885 (9th Cir.2005), we grant in part and deny in part the petition for review.

The IJ pretermitted Hu's application for asylum on the grounds that it was untimely, and Hu does not challenge that determination on appeal.

Despite adopting the IJ's decision, the BIA discounted the IJ's adverse credibility finding, and denied Hu's applications for withholding of removal and CAT relief on the alternative ground that they "failed for a lack of evidence sufficient to meet [Hu's] burden of proof." Because the IJ never reached the merits of Hu's withholding of removal claim, and the BIA provided no analysis regarding that claim, we are unable to review the agency's denial of withholding of removal. *See Stoyanov v. INS,* 172 F.3d 731, 736 (9th Cir.1999) (holding

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

that "in order to establish an alternative holding on the merits, the BIA must provide a reasoned analysis of the legal basis for its holding, specifying as well the particular facts on which that holding relies"). Thus, we vacate the BIA's decision as to withholding of removal and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

The BIA adopted the IJ's finding on the merits of Hu's CAT claim and substantial evidence supports the IJ's conclusion that the punishment Hu described was not severe enough to fall under the CAT. *See Zhang v. Ashcroft*, 388 F.3d 713, 722 (9th Cir.2004) (per curiam).

**PETITION FOR REVIEW GRANTED in part; DENIED in part.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.